UNITED STATES DISTRICT Court
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                      Case No. 8:06-cr-230-T-23MAP
                                                             8:07-cv-1661-T-23MAP

OLTJON BESHIRI,

      Defendant.
_____/

**ORDER**

Beshiri requests the issuance of a certificate of appealability (Doc. 7). On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255; Rule 22, Federal Rules of Appellate Procedure; and 21 U.S.C. § 848(q). As a result of these amendments, a disappointed movant under Section 2255 must acquire a certificate of appealability, which requires a substantial showing by an applicant of the denial of a constitutional right. As stated in Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

In this action, Beshiri's constitutional claims were denied on the merits. Beshiri has failed to demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. The requirement of a certificate of appealability was meant to prevent this type of petition from proceeding any further.

Accordingly, the request to issue a certificate of appealability (Doc. 7) is DENIED. Beshiri must pay the full $455 filing fee to pursue his appeal.

ORDERED in Tampa, Florida, on December 21st, 2007.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE